44182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE COLEMAN                                         CIVIL ACTION NO. 2:22-cv-01241

VERSUS                                                         JUDGE _____

FEDNAT INSURANCE COMPANY                  MAGISTRATE _____

*************************************************************************

## NOTICE OF REMOVAL

Defendant, FedNat Insurance Company ("Defendant"), gives this notice and hereby remove this civil action, captioned *George Coleman v. FedNat Insurance Company*, No. 825-935, Division "O," Judicial District Court for the Parish of Jefferson, State of Louisiana (the "State Court Action"), to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, the Defendant represents:

## STATE PROCEEDING

1.

The Plaintiff, George Coleman ("Plaintiff"), on March 9, 2022, commenced a civil action against Defendant in the Judicial District Court for the Parish of Jefferson, styled *George Coleman v. FedNat Insurance Company*, No. 825-935, Division "O."  As required by 28 U.S.C. § 1446(a), copies of all executed process in the case; pleadings; and all orders served on Defendant are attached hereto as Exhibit "A."

## REMOVAL IS TIMELY

2.

28 U.S.C. § 1446(b) requires a notice of removal of a civil proceeding to be filed within thirty (30) days after the receipt by the defendant, through service of otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based. Time begins to run from receipt of formal service; receipt of a curtesy copy of the pleading does not begin the running of time. *Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3.

Federal Rule of Civil Procedure 6 states that if the last day of a time period is a Saturday or Sunday, the period continues to run until the end of the next day that is not a Saturday or Sunday.

4.

Defendant FedNat Insurance Company was served through the Louisiana Secretary of State on April 11, 2022, making removal timely under 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

5.

This Court has original jurisdiction over this action under 28 U.S.C. §1332(a). Therefore, the cause may be removed to this Court pursuant to 28 U.S.C. §1441(b).

6.

Upon present information and belief, the Plaintiff is a citizen of Louisiana. (See Exhibit "A," Petition for Damages).

7.

Defendant FedNat Insurance Company is a corporation incorporated in the state of Florida with its principal place of business in Sunrise, Florida. (See report from Florida Secretary of State website, attached as Exhibit "B"). Accordingly, Defendant FedNat Insurance Company is a citizen of Florida for federal diversity removal purposes. 28 U.S.C. §1332; *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

8.

In sum, Plaintiff is a citizen of Louisiana. Defendant is a citizen of Florida. Accordingly, complete diversity exists in this case with regard to the defendant in this lawsuit.

## **AMOUNT IN CONTROVERSY**

9.

The Fifth Circuit has held that where the plaintiff's petition fails to specify the amount in controversy, such as the case at hand, the Court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000.00 threshold for diversity jurisdiction. *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed. Appx. 62, 66-67 (5th Cir. 2010). On the other hand, if it is not facially apparent that the claims are likely above $75,000.00, the removing party may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* The Defendant may rely on summary judgment-type evidence, including affidavits and demands made by the plaintiff, to prove the amount in controversy. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

10.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, which determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou–Con Inc.,* 293 F.3d 908, 911 (5th Cir.2002); *see also Lewis v. Lexington Ins. Co.,* No. 07–8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008).

11.

Here, it is facially apparent from the Petition that the amount in controversy exceeds $75,000.00. Paragraph 14. of Exhibit A, Petition for Damages, specifically alleges contractual

damages of – at minimum - **$405,162.92** in relation to Hurricane Ida alone. While defendant disputes that any damages are owed, and that any owed will in fact exceed this amount, defendant represents that the amount in controversy will exceed $75,000.00 based on the information known to date.

12.

In addition to alleged amounts owed under the policy, Plaintiff also alleges claims for statutory penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. The allegations for statutory penalties are asserted in the Petition for Damages, outlined in Paragraphs 30. through 39., in relevant part as it pertains to damages in controversy. Exhibit "A."

13.

The damages alleged above are damages claimed in relation to the property damage at issue and the resulting insurance claim, including extra-contractual damages claimed for statutory penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. While FedNat Insurance Company denies that it acted in "bad faith" or breached any duty owed to the plaintiff, penalties and attorney's fees are properly considered when determining the amount in controversy for an insurance claim. *See Clark v. State Farm Fire and Casualty Co.,* Civ. No. 14-673, 2015 WL 1247011 (M.D. La. Mar. 18, 2015); *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. CIV. A. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

14.

Further, plaintiff has alleged mental anguish and inconvenience, which will increase the total alleged value of their claim.

15.

Accordingly, the amount in controversy in this case exceeds the required $75,000.00 threshold.

## REMOVAL IS PROPER

16.

There is complete diversity between Plaintiff, George Coleman, and Defendant, FedNat Insurance Company.  There is more than $75,000.00 in controversy.  Accordingly, this action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)-(c) and removal is proper pursuant to 28 U.S.C. § 1441.

## NOTICE TO STATE COURT AND OPPOSING PARTY

17.

Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing Notice of Removal with the Clerk of Court for the Judicial District Court for the Parish of Jefferson, State of Louisiana, and serve a copy thereof on Plaintiff through his counsel.  A copy of Defendant's Notice of Filing Notice of Removal is attached hereto and incorporated herein for all purposes as Exhibit "C."

## CONCLUSION

Defendant respectfully requests that this Court exercise its jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the Judicial District Court for the Parish of Jefferson, State of Louisiana.

WHEREFORE, Defendant, FedNat Insurance Company, prays that the legal action captioned *George Coleman v. FedNat Insurance Company*, No. 825-935, Division "O," Judicial

District Court for the Parish of Jefferson, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana.

                                  Respectfully submitted,

                                  *s/Ethan N. Penn*
                                Ethan N. Penn, Bar No. 24596
                                Brent J. Carbo, Bar No. 30429
                                Lindsey M. Devereux, Bar No. 36433
                                Musgrave, McLachlan, & Penn, L.L.C.
                                1555 Poydras St., Suite 2100
                                New Orleans, LA 70112
                                Telephone: (504) 799-4300
                                Facsimile: (504) 799-4301
                                Emails: enp@mmmpfirm.com
                                          bjc@mmpfirm.com
                                          lmd@mmpfirm.com
                                Attorneys for FedNat Insurance Company

## CERTIFICATE OF SERVICE

I do certify that on this, the 5th day of May, 2022, the foregoing pleading has been filed using the electronic filing system of the United States District Court for the Eastern District of Louisiana, and, pursuant to local rule, constitutes service of same on all counsel of record herein. I further certify that the foregoing has been sent via U.S. Mail to all counsel for unrepresented parties who are not participating in the ECF system.

                                *s/Ethan N. Penn*
                                  Ethan N. Penn

44182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE FOLEMAN                                         CIVIL ACTION NO. 2:22-cv-01241

VERSUS                                                          JUDGE _____

FEDNAT INSURANCE COMPANY                      MAGISTRATE _____

**************************************************************************

**VERIFICATION**

BEFORE ME, the undersigned authority, personally came and appeared:

**ETHAN N. PENN**

who, after being duly sworn, did depose and state that he is the attorney for FedNat Insurance Company, Defendant in the above action, that he has prepared the above Notice of Removal, that he has read the foregoing Notice of Removal and that all of the facts contained therein are true and correct to the best of his information and belief; and certifies that a copy of this Notice of Removal is being forwarded to the attorney for the Plaintiff, all counsel and all parties by depositing same in the United States Mail, postage prepaid, and properly addressed.

                                                        */s/ Ethan N. Penn*
                                                           ETHAN N. PENN

SWORN TO AND SUBSCRIBED
BEFORE ME THIS  5th  DAY
OF MAY 2022.

*/s/ Lindsey M. Devereux*
        NOTARY PUBLIC